UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SOUTHERN FINANCIAL GROUP, LLC,  Plaintiff,

v.  Civil Action No. 3:18-cv-220-DJH

CLAYTON E. STOESS, SR., et al.,  Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter was filed on April 9, 2018, with Plaintiff Southern Financial Group, LLC invoking the Court's diversity jurisdiction. (Docket No. 1) Because the complaint did not identify the LLC's members and any sub-members, the Court ordered Southern Financial Group to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. (D.N. 4) In response to the show-cause order, Southern Financial Group stated that its members and sub-members are all Texas citizens and that complete diversity is therefore present. (D.N. 5) However, Southern Financial Group did not provide the names of those members and sub-members, instead requesting that it be permitted to submit the names for in camera review or file them under seal. (*Id.*, PageID # 60) It filed a motion to that effect, basing its request on a desire "to protect the privacy of the[] various members and sub-members." (D.N. 6, PageID # 62) The motion cites no authority in support of Southern Financial Group's request. (*See id.*) Defendants did not respond to the motion.

The Sixth Circuit "ha[s] long recognized a 'strong presumption in favor of openness' regarding court records." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Thus, "[s]hielding material in court records . . . should be done only if there is a

1

'compelling reason why certain documents or portions thereof should be sealed,'" and the Court must articulate "specific findings and conclusions" justifying any nondisclosure. *Id.* at 593-94 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)). These rules apply even if no party objects to the request; "[t]he 'court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.'" *Id.* at 595 (quoting *Shane Grp.*, 825 F.3d at 307). The burden is on the party seeking to prevent disclosure to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). This includes "the burden of showing that 'disclosure will work a clearly defined and serious injury[';] . . . . '[i]n delineating the injury to be prevented, specificity is essential.'" *Id.* at 307-08 (second alteration in original) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Id.* at 308 (quoting *Baxter*, 297 F.3d at 546).

Here, Southern Financial Group merely cites a vague interest in "privacy" as grounds for its request. (D.N. 6, PageID # 62) This is insufficient. *See Shane Grp.*, 825 F.3d at 305-06; *see also Smith v. Westminster Mgmt., LLC*, No. JKB-17-3282, 2018 U.S. Dist. LEXIS 12780, at *19 (D. Md. Jan. 26, 2018) (denying motion to seal supplemental removal statement where defendants failed to describe LLC members' privacy interests and purported harm "in specific and concrete terms"); *3776 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*, No. 3:14-CV-632-J-34PDB, 2014 U.S. Dist. LEXIS 192098, at *4-*7 (M.D. Fla. Aug. 25, 2014) (denying motion to

file LLC members' identities under seal or submit them for in camera review based on plaintiff's unsupported assertions that disclosure would harm members' privacy and financial interests and that their identities were "not central to the merits of the case"); *Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967, 970 (E.D. Wis. 2013) (denying motion to seal documents identifying LLC members and sub-members where "[t]he only reason given for keeping this information secret [was] that the various individuals and entities would prefer to not have their identities disclosed"); *Edgewood Manor Apt. Homes LLC v. RSUI Indem. Co.*, No. 08-C-0920, 2010 U.S. Dist. LEXIS 67729, at *13 (E.D. Wis. June 14, 2010) (denying motion for protective order and directing that jurisdictional statement be unsealed where plaintiff's members and sub-members "sa[id] merely that they wish[ed] to keep their investments and tax benefits private" and "point[ed] to no specific personal or financial harms they m[ight] suffer"). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the Motion for In Camera Inspection of Affidavit in Support of Jurisdiction (D.N. 6) is **DENIED**. Southern Financial Group shall file the affidavit in the public record within **seven (7) days** of the date of entry of this Order.

June 22, 2018

                                              **David J. Hale, Judge**
                                         **United States District Court**